# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

ANTOINE GORUM,

         Plaintiff,

vs.

DESERT MOON HOSPITALITY, et al.,

         Defendant.

Case No. 2:22-cv-00410-GMN-VCF

**ORDER**

APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1)

      Pro se plaintiff Antoine Gorum filed an application to proceed in forma pauperis (ECF No. 1) and a complaint (ECF No. 1-2). I deny Gorum's in forma pauperis application without prejudice.

## DISCUSSION

      Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

      Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner

has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff was incarcerated in High Desert State Prison at the time that he filed his complaint. (ECF No. 1 at 4). Plaintiff filed a bare-bone affidavit that stated he had no income (he wrote down a zero next to nearly every question). He noted that he owed fees to the Court, but he did not state an amount. He also did not submit a certified copy of the trust fund account statement (or institutional equivalent), obtained from the appropriate official of the High Desert State Prison, for the 6-month period immediately preceding the filing of his complaint.

Plaintiff, however, then filed a "notice of change of address" which states that he is no longer incarcerated. Since plaintiff's circumstances have changed, I order that he must complete a new IFP application. He may complete the short-form application, and since he is no longer incarcerated, he does not need to file the financial certificate. Plaintiff must not respond to the IFP application questions with a zero next to all the questions without providing an explanation. He must respond to each question in full, with an explanation in response to each question regarding how he is paying his bills and what financial obligations he has, with accurate dollar amounts. Plaintiffs' application to proceed *in forma pauperis* is denied without prejudice. Since I deny plaintiff's IFP application, I do not screen his complaint now.

ACCORDINGLY,

I ORDER that plaintiff Gorum's application to proceed in forma pauperis (ECF No. 1) is DENIED without prejudice.

I FURTHER ORDER that by Wednesday, April 27, 2022, plaintiff must either (1) file a complete application to proceed in forma pauperis or (2) plaintiff must pay the full fee for filing a civil action.

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a recommendation that this case be dismissed with prejudice.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 28th day of March 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE